**ADAM J. FISHBEIN, P.C.**
ATTORNEY AT LAW

483 Chestnut Street
Cedarhurst, New York 11516

Telephone (516) 791-4400
Telecopier (516) 791-4411

April 23, 2015

**VIA ECF**
The Honorable Kiyo A. Matsumoto
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**RE:   Isaacson v. Enhanced
        15 CV 1295 (KAM) (LB)**

Dear Judge Matsumoto:

I represent the plaintiff in the above referenced matter.  In response to the defendant's application for a pre-motion conference, every plaintiff has the right to bring an action independent of other consumers.  Each consumer with a claim under the FDCPA has a right to obtain statutory and other damages.  The defendant has relied upon scenarios where either multiple actions are filed in different courts or filed in the same court but are filed by the same litigant.  That is precisely what occurred in *Curtis*.  Plaintiff is incredulous how defendant could apply the factual circumstances of *Curtis* to a situation involving different plaintiffs.

Here, the undersigned has filed two matters.  Each consumer has the right to bring his/her own action pursuant to the Fair Debt Collection Practices Act to recovery statutory and other damages.  I understand that there has been another action filed by another attorney.  To propose that only one action can proceed because other actions have been commenced has no support.

Furthermore, the class definition in the cases I have filed have somewhat different class definitions.  Therefore, each plaintiff can represented a distinct class to recover more damages for each class member.  For example, bringing multiple claims in multiple states has been held to be lawful so that each class member can receive more in damages.  *See Mailloux v. Arrow Financial* Services, 204 F.R.D. 38 (E.D.N.Y 2001).  In this case, only customers of Sears were included in the class.  *See Miller v. Midland Credit Management*, 621 F.Supp. 2d 621 (ND Ill. 2009).  Here, a class was certified solely of

residents from Cook County.)  *See Warcholek v. Medical Collections Sys.*, 241 F.R.D. 291 (N.D. Ill. 2006).  A class was certified for only those members who received letters concerning Parkview Orthopedic Group SC.

Plaintiff submits that the matters can proceed as they are presently assigned.  It is possible that there could be multiple class actions running concurrently if the class definition in each of the matters would create separate and distinct classes of consumers.

Plaintiff suggests that it is not obligatory to consolidate the matters which can be discussed further at the pre-motion conference.

Thank you for the Court's consideration of the foregoing.


Yours faithfully,


Adam J. Fishbein

Cc:  John G. McCarthy, Esq.